Fourth Department. April 1, 1903.) Action by Marget Clark, as administratrix, etc., against the Erie Railroad Company.

PER CURIAM. Order appealed from modified, by adding to the second condition therein contained the following: "Also what signals and what rules the defendant was negligent in failing to provide to indicate to its employees, operating trains and locomotives entering or passing into the yard described in the complaint, and standing or moving about therein, whether the tracks were clear or obstructed, or to what point or points in said yard they should proceed"— and by striking out from the third condition the words, "as to the location of locomotives, trains, and tracks," and also by changing the words "five days" to "twenty days," and inserting, after the words "the order," the words "as modified by the Appellate Division"; and the order, as so modified, is affirmed, without costs of this appeal to either party.

CLARKE et al. v. HEYLMAN. (Supreme Court, Appellate Division, First Department. April 9, 1903.) Action by William D. Clarke and others against Henry B. Heylman. No opinion. Motion denied.

CLAYTON, Respondent, v. KNOX, Appellant. (Supreme Court, Appellate Division, Second Department. March 6, 1903.) Action by William Clayton against Edward M. Knox. No opinion. Motion for reargument denied.

CLOSS, Respondent, v. HANF et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 6, 1903.) Action by Charles T. Closs against Hugo J. and Louise Hanf. No opinion. Judgment of the Municipal Court affirmed, with costs.

COE, Respondent, v. WESTERN UNION TELEGRAPH CO., Appellant. (Supreme Court, Appellate Division, Third Department. March 11, 1903.) Action by Oswell R. Coe against the Western Union Telegraph Company. No opinion. Judgment and order unanimously affirmed, with costs.

COLBY v. PARTRIDGE. (Supreme Court, Appellate Division, First Department. April 24, 1903.) Action by William Colby against John N. Partridge. No opinion. Motion denied.

In re COLLINS. (Supreme Court, Appellate Division, Second Department. March 6, 1903.) In the matter of the application of James Lee Collins for admission to the bar. No opinion. Application granted.

CONDICT, Appellant, v. LONG BEACH LAND CO., Respondent. (Supreme Court, Appellate Division, Second Department. April 24, 1903.) Action by Silas Alden Condict against the Long Beach Land Company. No opinion. Order modified, by inserting a provision requiring the defendant to pay the sum of $50 costs as a condition of allowing the amendment, and, as thus modified, affirmed, without costs of this appeal to either party.

81 N.Y.S.—71

COPLON, Respondent, v. NARDOLILLO, Appellant. (Supreme Court, Appellate Division, Third Department. March 27, 1903.) Action by A. H. Coplon against Frank Nardolillo. No opinion. Order of the County Court, appealed from, affirmed, with costs.

CORKERY, Appellant, v. WOODRUFF, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 31, 1903.) Action by Bridget Corkery against E. Gould Woodruff.

PER CURIAM. Order appealed from reversed, and original order modified, so as to limit the oral examination of the plaintiff to the actual condition of her eyes and her general physical condition before and after the alleged malpractice by the defendant, and to the treatment of herself, or the medicine used or means employed by her, so far as she is able to state the same. No costs of this appeal are allowed to either party.

CORNISH, Respondent, v. BENNETT, Appellant. (Supreme Court, Appellate Division, First Department. April 17, 1903.) Action by Harry S. Cornish against James G. Bennett. R. W. Candler, for appellant. T. C. Byrnes, for respondent. No opinion. Judgment (78 N. Y. Supp. 244) affirmed, with costs, with leave to defendant to withdraw demurrer and answer within 20 days, on payment of costs in this court and in the court below.

CRAIG, Appellant, v. ROBERTSON, Respondent. (Supreme Court, Appellate Term, November, 1902.) Action by Alida B. Craig against Mary Robertson. McElheny & Bennett, for appellant. J. E. Smith, for respondent.

BLANCHARD, J. This is the third appeal in this case, and the law pertaining to it has been substantially settled. There is evidently no desire on the part of the trial justice before whom this case has been tried three times to take into consideration the decision of this court. The case is a very simple one. The plaintiff was the only witness called. The defendant offered no evidence whatsoever, and the plaintiff's testimony is wholly unimpeached. She testified that she was employed by defendant as a trained nurse at $25 a week, from August 20 to September 13, 1900, but that she was actually at work for defendant at defendant's residence for five days; that she was in defendant's employ and subject to her call from August 20th to September 8th, when she received a telephone call and went to defendant's house. There can be no question from the evidence but that the defendant employed the plaintiff during the entire period of time from August 20th to September 13th. The learned trial justice, however, dismissed the complaint, for the reason, so far as we can ascertain from the record, that he interpreted the complaint as for a breach of contract, and held that no breach had been established. The plaintiff, however, alleges in her complaint that she was, on or about the 9th of August, 1900, employed by defendant as nurse from August 20 to September 13, 1900, and that she rendered to the defendant her services during that period, so that, so far as the reasons assigned for the dis-